### STANDARD PAVING CO. et al. v. HUDDLESTON et al.

No. 21488. Opinion Filed March 10, 1931.

A. J. Follens and Clayton B. Pierce, for petitioners.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

HEFNER, J. This is an original proceeding filed by the Standard Paving Company and the Southern Surety Company, petitioners, to review an award of the Industrial Commission entered on the 3rd day of June, 1930, allowing R. D. Huddleston, the claimant, compensation for 14 weeks and five days for an injury to his left eye.

Claims have been filed in two separate cases and a hearing had on each. The first was for an injury to the claimant's right eye. He received that injury in March, 1925, but did not file a claim for it until more than one year after the injury, and the Commission held that it had no jurisdiction because the claim was barred by the one-year statute of limitation (Com. St. 1921, sec. 7301).

About four years later and on the 10th day of December, 1929, the claimant filed this claim for compensation for injury to his left eye. The only accident relied upon is the one that happened in 1925. At the time the second claim was filed the claimant had not been in the employment of the respondent for quite a long while. This claim is based on the theory that the injury to his left eye has developed as a result of the infection in the right eye, which

was injured in 1925, and for which no claim was filed within a year from the time of the injury, but after the year had expired a claim was filed and the Commission held that it had no jurisdiction because the claim was barred by the statute of limitation, and that judgment has long since become final; and because of that judgment it is admitted that no award can now be made for the original injury to the right eye. Claimant says, however, that he should be allowed an award for the injury to his left eye because it came from an infection of his right eye which developed at a time more than a year after the original injury. The original injury to his right eye occurred in March, 1925, and this claim was not filed until December, 1929. No claim is made that any accident has occurred since 1925. This award is not sought on the ground of a change in condition nor on the continuing jurisdiction of the Commission over the original injury. It is an independent action filed more than four years after the original injury. Since the award of the Commission holding that the original injury was barred by the one-year statute of limitation has become final and no recovery can now be had for the original injury, can recovery be had for a disability that grew out of the original injury?

That question must depend upon the provisions of our statutes. Subdivision 7, section 7284, C. O. S. 1921, as amended by Session Laws of 1923, c. 61, sec. 2, is as follows:

"'Injury or personal injury" means only accidental injuries arising out of and in the course of employment and such disease or infection as may naturally result therefrom."

Under this statute before claimant can recover for a resulting injury, it is necessary to show that he suffered an "original compensable" injury. It is admitted that there can be no recovery for the original injury. There is therefore no compensable original injury in this case. That being true, there can be no recovery for an injury caused by infection from it.

The petition to vacate the award is granted and the case is remanded to the Commission, with directions to dismiss it.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

Note.—See under (1) anno. 16 A. L. R. 462; 40 A. L. R. 495; 28 R. C. L. p. 825; R. C. L. Perm. Supp. p. 6249.